# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENTE TOSCANO, ) | CIV-F-07-0957 AWI DLB |
| Plaintiff, ) | |
| v. ) | ORDER RE: MOTION TO DISMISS, OR ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT |
| AMERIQUEST MORTGAGE COMPANY, JOSHUA BONVILLION, and DOES 1 to 20, ) | |
| Defendants. ) | |

Defendants have made a motion to dismiss, or alternatively, for a more definite statement. Doc. 8. Plaintiff opposes the motion. Doc. 12. Defendants filed a reply. Doc. 13. The matter was taken under submission without benefit of oral argument.

## I. History[1]

Plaintiff Vincent Toscano is over 65 years old and only speaks Spanish. He owns a home on which he has a mortgage. Defendants are Ameriquest Mortgage Company and its employee, Joshua Bonvillion. On May 24, 2004, Plaintiff and Defendant Bonvillion discussed a mortgage refinance over the phone. It is not clear which party initially contacted the other. Defendant

---

[1]The facts are taken from Plaintiff's complaint and are assumed to be true solely for the purpose of resolving this motion.

1

Bonvillion, on behalf of Defendant Ameriquest, offered Plaintiff a loan with a fixed rate of interest at or below 6.3%, representing that Plaintiff would be better off financially with the new loan and that Plaintiff could not get better terms.  It is not clear whether Plaintiff verbally agreed to those terms on the phone.  That night, Defendants sent a notary who did not speak Spanish with loan documents in English to Plaintiff's home.  Plaintiff signed the loan documents which turned out to have terms different from those discussed over the phone.  The mortgage refinance ended up being a variable rate loan with an interest rate over 7%.  It is not clear when the loan was finalized.

Plaintiff filed suit in the Superior Court of California, County of Fresno on May 18, 2007.  His complaint has the following causes of action: (1) violation of the Truth in Lending Act ("TILA"); (2) breach of fiduciary duties; (3) fraud; (4); financial abuse of an elder; and (5) unfair business practices.  Defendants removed the case to federal district court on July 3, 2007.

## II. Legal Standards

**A. Fed. R. Civ. Proc. 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule provides for dismissal of a claim with prejudice if, as a matter of law, "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Newman v.

Sathyavaglswaran, 287 F.3d 786, 788 (9th Cir. 2002); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Courts will not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003); accord Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated ...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).  A court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003); Schneider v. Cal. Dep't. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice. Broam v. Bogan, 320 F.3d 1023, 1026 (9th Cir. 2003).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).

In other words, leave to amend need not be granted when amendment would be futile. <u>Gompper v. VISX, Inc.</u>, 298 F.3d 893, 898 (9th Cir. 2002).

**B. Fed. R. Civ. Proc. 12(e)**

"If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. Proc. 12(e). A Rule 12(e) motion is proper only if the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. See <u>Federal Sav. and Loan Ins. Corp. v. Musacchio</u>, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988); <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981). The court must deny the motion if the complaint is specific enough to apprise defendant of the substance of the claim being asserted. See <u>Bureerong v. Uyawas</u>, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996); <u>FRA S.P.A. v. Surg- O-Flex of America</u>, 415 F. Supp. 421, 427 (S.D.N.Y. 1976). A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such motion is inappropriate." <u>Castillo v. Norton</u>, 219 F.R.D. 155, 163 (D. Ariz. 2003); accord <u>Sheffield v. Orius Corp.</u>, 211 F.R.D. 411, 414-15 (D. Or. 2002); <u>Tilley v. Allstate Ins. Co.</u>, 40 F. Supp. 2d 809, 814 (S.D. W. Va 1999); <u>Resolution Trust Corp. v. Gershman</u>, 829 F. Supp. 1095, 1103 (E.D. Mo. 1993) ("Rule 12(e) provides a remedy for unintelligible pleadings; it is not intended to correct a claimed lack of detail.").

Rule 12(e) motions "are not favored by the courts 'since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.'" <u>Castillo v. Norton</u>, 219 F.R.D. 155, 163 (D. Ariz. 2003); <u>Resolution Trust Corp. v. Dean</u>, 854 F. Supp. 626, 649 (D. Ariz. 1994). "If the moving party could obtain the missing detail through discovery, the motion should be denied." <u>Davison v. Santa Barbara High School District</u>, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998). Rule 12(e) motions are "not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for

such purposes." Castillo v. Norton, 219 F.R.D. 155, 163 (D. Ariz. 2003); Beery v. Hitachi Home Electronics (America), Inc., 157 F.R.D. 477, 480 (C.D. Cal. 1993).  "[E]ven though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

### III. Discussion

**A. TILA**

Defendants argue "Under TILA, a plaintiff must notify the creditor of his or her intention to rescind, and provide the creditor with an opportunity to respond, prior to filing a lawsuit" pursuant to notice requirements contained in 15 U.S.C. §1635 and 12 C.F.R. § 226.23(a). Doc. 8, Defendant's Brief, at 3:3-17.  While the case law is not unanimous, the consensus is that "the filing of a lawsuit can be sufficient written notice of rescission under TILA so long as the complaint seeks rescission." Jones v. Saxon Mortgage, 1998 U.S. App. LEXIS 22101, *12 (4th Cir. 1998), published opinion; accord Cazares v. Household Fin. Corp., 2005 U.S. Dist. LEXIS 39222, *22-23 (C.D. Cal. 2005); Taylor v. Domestic Remodeling, Inc., 97 F.3d 96, 100 (5th Cir. 1996); Fairbanks Capital Corp. v. Jenkins, 225 F. Supp. 2d 910, 913-4 (N.D. Ill. 2002); Pulphus v. Sullivan, 2003 U.S. Dist. LEXIS 7080, *50 (N.D. Ill. 2003); McIntosh v. Irwin Union Bank & Trust, Co., 215 F.R.D. 26, 32 (D. Mass. 2003); contra Jefferson v. Security Pac. Fin. Servs., 162 F.R.D. 123, 126 (N.D. Ill. 1995) ("Section 1635(b) requires the claimant to present a claim for rescission to the lender to give the lender twenty days to grant the request before a federal lawsuit is filed. The filing of a complaint initiates the lawsuit which Section 1635(b) is expressly intended to defer").

Nevertheless, there is a serious subject matter jurisdiction issue in this case concerning the notice requirement.  Each court "has an obligation to address sua sponte whether the federal courts have subject matter jurisdiction." Queen of Angels/Hollywood Presbyterian Medical Ctr.

v. Shalala, 65 F.3d 1472 (9th Cir. 1995).  Rescission is accomplished "by notifying the creditor, in accordance with regulations of the [Federal Reserve] Board, of his [or her] intention to do so." 15 U.S.C. §1635(a).  The applicable regulations state: "To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business." 12 C.F.R. § 226.23(a)(2).  Title 15 U.S.C. §1635(f) states "An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  This three year deadline is not a statute of limitation, but rather a statute of repose.  "When Congress enacts statutes creating public rights or benefits, it can impose time limits on their availability. These limits, when completely extinguishing the right previously created, deprive courts of jurisdiction. In Beach v. Ocwen Federal Bank, 523 U.S. 410, [412] (1998), the Supreme Court held that 'section 1635(f) completely extinguishes the right of rescission at the end of the 3-year period.'" Miguel v. Country Funding Corp, 309 F.3d 1161, 1164 (9th Cir. 2002), citation omitted.

While several courts (as noted above) have accepted filing suit as a form of notice, they have not always specified whether it is the filing or the service of the complaint which serves as the actual notice.  The Fifth Circuit has found that the filing of a lawsuit, not the service of the complaint, constitutes the requisite written communication. Taylor v. Domestic Remodeling, Inc., 97 F.3d 96, 100 (5th Cir. 1996) ("the filing of the complaint constitutes statutory notice of rescission pursuant to 12 C.F.R. § 226.23(a)(3), and we concur with the magistrate judge's reasoning that this provides a common sense solution to a problem which might be otherwise unsolvable because of the many difficulties a plaintiff might have in completing service on a defendant without substantial delay").  This court agrees with opinions from the Eastern District of Michigan which disapproves of Taylor's holding on this point. See Marschner v. RJR Fin. Servs., 382 F. Supp. 2d 918, 922 (E.D. Mich. 2005); Williams v. G.M. Mortg. Corp., 2004 U.S. Dist. LEXIS 29365, *17-19 (E.D. Mich. 2004).  The Federal Reserve Board regulation straightforwardly states, "Notice is considered given when mailed, when filed for telegraphic

transmission or, if sent by other means, when delivered to the creditor's designated place of business." 12 C.F.R. § 226.23(a)(2).  Taylor argues that filing should be sufficient because there may be some difficulty in completing service on a defendant.  However, notice is not governed by Fed. R. Civ. Proc. 4 and there is little difficulty in mailing a demand for rescission to the lender.  "The issue of notice under TILA is not one of completing service, but of merely notifying a lender, such as by mail, telegram, or some other means of written communication. To effectuate notice, Plaintiff could have simply sent Defendant a letter within the time period or even sent a copy of his complaint. Service of summons and complaint was not necessary." Marschner v. RJR Fin. Servs., 382 F. Supp. 2d 918, 922 (E.D. Mich. 2005).

Plaintiff's complaint does not specify when the loan transaction was consummated; the only date mentioned is May 24, 2004. See Doc. 1, Ex. A, Complaint, at 2:10.  It is not clear if that is the date Plaintiff applied for the loan or the date on which the loan was finalized. According to Defendants, "Ameriquest was personally served with the Summons and Complaint on or about June 4, 2007. According to the state court docket available online, Plaintiff filed his proof of service as to Ameriquest on or about June 13, 2007." Doc. 1, Defendants' Notice of Removal, at 2:5-7.  As far as can be determined, Defendant Ameriquest did not receive notice of rescission until June 4, 2007.  Unless Plaintiff can show that he gave written notice of rescission within three years of the loan's consummation, the request for rescission must be dismissed for lack of subject matter jurisdiction.

In addition to rescission, Plaintiff seeks monetary damages under TILA. Doc. 1, Ex. A, Complaint at 4:10-11.  Title 15 U.S.C. §1640(a) allows private causes of action for monetary damages.  Defendants argue that "Plaintiff has wholly failed to allege sufficient facts to support a TILA claim." Doc. 8, Defendants' Brief, at 3:27.  Plaintiff makes a blanket statement that the allegations are sufficient and "requests the opportunity to plead additional allegations regarding The Truth In Lending Act, if this Court deems it necessary." Doc. 12, Plaintiff's Opposition, at 2:12-14.

Plaintiff's complaint is very general and includes little detail.  Plaintiff alleges that Defendants violated TILA in relation to the mortgage refinance "by failing to make required

disclosures, including but not limited to disclosures related to the finance charges, charging excessive fees, entering into the contract without a good faith belief that Plaintiffs could make the required payments, and...by failing to provide Plaintiff with copies of the required disclosures and committing other acts according to proof. Said violations are apparent on the face of the loan documents." Doc. 1, Ex. A, Complaint, at 4:4-9.  The loan documents are not attached to the complaint and can not be relied upon.  The only firm factual allegations are that Defendants "offered Plaintiff a loan at a fixed rate of interest at or below the rate of 6.3% per annum" but then "changed the terms on the final loan." Doc. 1, Ex. A, Complaint, at 2:11-12 and 3:1.  TILA is a complex law with different kinds of disclosure requirements. See 15 U.S.C. §1638(a), (b), and (c).  At this point, it is not clear exactly what sorts of disclosure Defendants allegedly failed to make; all Plaintiff refers to are "disclosures related to the finance charges."  While Plaintiff alleges Defendants charged excessive fees, Plaintiff have not explained how TILA governs what substantive fees are permitted.  Defendants' motion to dismiss the TILA claim is granted. Plaintiff is given leave to amend to clarify his TILA claims with regard to both monetary damages and rescission.

**B. Fraud**

Under California law, "The elements of a fraud, which give rise to the tort action for deceit, are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Court, 12 Cal. 4th 631 (Cal. 1996), quoting 5 Witkin, Summary of California Law §676 at 778 (9th ed. 1988).  Defendants seek to have the fraud claim dismissed for failure to allege justifiable reliance and damages. See Doc. 8, Defendants' Brief, at 4:16-56:22.  Plaintiff makes blanket statements that the allegations are sufficient and states that he "can make additional allegations regarding justifiable reliance, if this

court deems it necessary."[2] Doc. 12, Plaintiff's Opposition, at 2:28-3:1.

Defendants argue that there can be no justifiable reliance as a matter of law when a party to a written contract admits to not having read the document before signing it. With regard to the contract, Plaintiff states: "at night after business hours, a notary from Ameriquest came to Plaintiff's home. That notary did not speak Spanish. The notary rushed Plaintiff through signing the documents with full knowledge that Plaintiff did not understand the documents, could not speak English and could not read the documents...They provided loan documents only in English which they knew Plaintiff could not read and they knew Plaintiff could not understand those documents and was in fact relying on their representations that the documents reflected the transaction as it was discussed earlier that day." Doc. 1, Ex. A, Complaint, at 2:16-23. Under California law cited to the court by Defendants, "One party's misrepresentations as to the nature or character of the writing do not negate the other party's apparent manifestation of assent, if the second party had reasonable opportunity to know of the character or essential terms of the proposed contract. If a party, with such reasonable opportunity, fails to learn the nature of the document he or she signs, such 'negligence' precludes a finding the contract is void for fraud in the execution." Rosenthal v. Great W. Fin. Sec. Corp., 14 Cal. 4th 394 (Cal. 1996), citation omitted. Defendants provide no case law explaining what reasonable opportunity consists of when there is an issue of language and translation. Under the circumstances alleged by Plaintiff, the court can not as a matter of law determine that Plaintiff had reasonable opportunity to learn the essential terms of the proposed contract.

Defendants cite to California precedent for the proposition that "A fraud cause of action must specifically allege the amount of damage purportedly caused by the defendant's alleged fraud." Doc. 8, Defendants' Brief, at 5:18-19. "Fraudulent representations which work no damage cannot give rise to an action at law. An allegation of a definite amount of damage is

---

[2] Plaintiff repeats the offer to "make additional allegations regarding justifiable reliance" at the conclusion of his short discussion of fraud damages. See Doc. 12, Plaintiff's Opposition, at 3:10-11. The court assumes Plaintiff meant to say he could make additional allegations of fraud damages.

essential to stating a cause of action." Nagy v. Nagy, 210 Cal. App. 3d 1262, 1268-9 (Cal. Ct. App. 1989).  California pleading standards do not govern in federal court.  "In federal actions where state law governs fraud claims, the pleading requirements are nonetheless governed by the Federal Rules of Civil Procedure." Nevis v. Wells Fargo Bank, 2007 U.S. Dist. LEXIS 65932, *9 (N.D. Cal. 2007), citing Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985).  The Ninth Circuit has "interpreted Rule 9(b) to mean that the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393 (9th Cir. 1986).  Plaintiff has alleged that he suffered financial damages, fulfilling a critical element of the fraud claim; stating a specific amount is not necessary.

Defendants also object to Plaintiff's request for emotional distress damages founded on Defendants' allegedly fraudulent conduct.  Defendants cite to two California cases.  "No California case has allowed recovery for emotional distress arising solely out of property damage; moreover, a preexisting contractual relationship, without more, will not support a recovery for mental suffering where the defendant's tortious conduct has resulted only in economic injury to the plaintiff." Erlich v. Menezes, 21 Cal. 4th 543, 554-5 (Cal. 1999), citations and quotation omitted.  "Numerous courts, beginning with Newman v. Smith (1888) 77 Cal. 22 and continuing through Sierra Nat. Bank v. Brown (1971) 18 Cal. App. 3d 98 and O'Neil v. Spillane (1975) 45 Cal.App.3d 147, 158-159, have repeatedly advised that damages for emotional distress do not constitute a recoverable item of damages for fraud." Devin v. United Servs. Auto. Ass'n, 6 Cal. App. 4th 1149, 1162 (Cal. Ct. App. 1992).  Both cases are distinguishable.  In Erlich the allegations of fraud were rejected and the question was whether emotional distress damages could be recovered for negligent breach of contract.  Devin's holding was founded on California Civil Code §3343 which does not provide for emotional distress damages in cases of fraudulent property sales.  Based on the briefing provided, there does not appear to be any basis for barring emotional distress damages at this time.

## C. Elder Abuse

Plaintiff's claim of elder abuse is "financial in nature." Doc. 12, Plaintiff's Opposition, at 4:5. Defendants argue that Plaintiff's claim is "'fiduciary abuse' as defined by the statute....Therefore, without the existence of a fiduciary relationship, no elder abuse claim can be made." Doc. 8, Defendants' Brief, at 7:8, citations omitted. However, the relevant statute today reads, "'Financial abuse' of an elder or dependent adult occurs when a person or entity does any of the following: (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both." Cal. Wel. & Inst. Code §15610.30. The original statute, passed in 1994, read "'Fiduciary abuse' means a situation in which any person who has the care or custody of, or who stands in a position of trust to, an elder or a dependent adult, takes, secretes, or appropriates their money or property, to any use or purposes not in the due and lawful execution of his or her trust." 1994 Cal. Adv. Legis. Serv. 984 §3. The law went through modifications and the current statute was finalized in 2000. 2000 Cal. Adv. Legis. Serv. 442 §5. The change in law from "fiduciary abuse" to "financial abuse" is substantive. As a fiduciary relationship is no longer required for a financial elder abuse cause of action, Defendants' argument against the elder abuse claim is no longer valid.

## D. Breach of Fiduciary Duties

Defendants' argument is still relevant to Plaintiff's breach of fiduciary duties claim. "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money....In California, the test for determining whether a financial institution owes a duty of care to a borrower-client involves the balancing of various factors, among which are [1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future harm." <u>Nymark v. Heart Fed. Sav. & Loan Ass'n</u>, 231 Cal. App. 3d 1089, 1096 and 1098 (Cal. Ct. App. 1991), citations and

quotations omitted.

Plaintiff bases his claim of fiduciary relationship on the allegation that Defendants "assured him that they would obtain a loan that was best suited to his needs, was appropriate for him under his circumstances and was on the best terms available to him." Doc. 1, Ex. A, Complaint, at 4:23-25. Similar allegations have been insufficient to show fiduciary duty. See River Colony Estates Gen. P'ship. v. Bayview Fin. Trading Group, Inc., 287 F. Supp. 2d 1213, 1224-5 (S.D. Cal. 2003) (no fiduciary relationship between lender and borrower despite lender's misrepresenting terms of loan to borrower). A fiduciary relationship can arise where the lender becomes heavily entangled with the borrower. In one such case, a bank officer shared meals with and accepted various gifts from the assistant of a client who had taken out a large loan from the bank. That assistant then stole the loaned funds. The bank did not follow its standard business practices in sending out statements and the bank officer admitted that she countersigned the loan documents "as a witness without actually having witnessed [the client] sign the document." See Scarff v. Wells Fargo Bank, 2005 U.S. Dist. Lexis 40441, *8-15 and *28-32 (N.D. Cal. 2005). Plaintiff's basic allegations do not rise to that level of entanglement. Defendants' motion to dismiss the breach of fiduciary duty claim is granted. Plaintiff is given leave to amend.

**E. California Business & Professions Code §17200**

Defendants argue that the actions as alleged by Plaintiff are neither unfair, unlawful, nor fraudulent within the meaning of Section 17200. Doc. 8, Defendants' Brief, at 8:11-17. In response, Plaintiff states he "sufficiently alleges breach of fiduciary duty and elder financial abuse." Doc. 12, Plaintiff's Opposition, at 5:5-6. As Plaintiff's elder abuse claim survives this motion to dismiss, he has sufficiently stated a claim based on an allegedly unlawful practice.

**F. Motion For More Definite Statement**

A Rule 12(e) motion is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail, and if the requirements of the general rule as to pleadings are satisfied and the opposing party is fairly notified of the nature of the claim such

motion is inappropriate." <u>Castillo v. Norton</u>, 219 F.R.D. 155, 163 (D. Ariz. 2003). While Plaintiff's complaint suffers from lack of detail, it is not unintelligible. Defendants are put on notice as to the substance of the dispute and can frame a responsive pleading. Nevertheless, in formulating an amended complaint, Plaintiff would be well served to include more factual detail to avoid multiple rounds of motions at the pleading stage.

### IV. Order

Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's Truth In Lending Act and breach of fiduciary duty claims are dismissed without prejudice. Defendants' motion for a more definite statement is DENIED. Plaintiff is directed to file an amended complaint in compliance with this order within thirty (30) days of the date of filing of this order.

IT IS SO ORDERED.

**Dated:   October 23, 2007**          /s/ Anthony W. Ishii
                                       UNITED STATES DISTRICT JUDGE